Final case of the day is United States v. Jackson. Good morning. I'm Jeffrey Jensen. Mr. Jensen. Good morning again. I'm Jeffrey Jensen. I represent the appellant Jaron Jackson. For a case that has fairly complicated facts, the facts that are important to the issue on appeal are very simple and can be summarized in a few sentences. On June 30th of 2019, there was a warrant for Mr. Jackson's arrest. He was arrested in Milwaukee. As part of the arrest, his cell phone was seized, and Mr. Jackson has been in custody ever since then, and his cell phone was never returned. He was charged in federal court with various offenses, and he was represented by somebody from the federal defender's office, and there was a dispute that occurred over whether a motion had any arguable merit. He eventually discharged that lawyer, and I was appointed to represent him. After meeting with Mr. Jackson, I came to the conclusion there was a motion that had arguable merit, so I filed the motion to suppress evidence along with a motion to extend the time under Rule 12 for hearing motions. The judge immediately denied the motion for extension on the grounds that it was moot, saying the court has already ordered that you are allowed to file the motion. No evidentiary hearing was held. The judge denied the motion to suppress on the grounds that Mr. Jackson was in custody the entire time the police had possession of his cell phone, and therefore, categorically, he has no possessory interest. Mr. Jensen, did you skip a step? By my reading of the record, the judge undid his mootness determination shortly after that and said, oops, I didn't mean that. I don't think it was quite that clear. I will agree that the prosecutor talked about wanting to put into his brief an argument concerning timeliness, but I don't think the judge ever formally undid the moot. Well, the judge says, you know, I'm correcting this. I'm not ruling on the motion to extend the pretrial deadline. That remains open and pending. I believe that's correct, and then in the final decision, he ruled on the merits of the motion and also said the motion was untimely. Now, is your position that the court, doing what it just did, holding open the question of timeliness and then deciding that at the time it decides to suppress the motion, is your position there's something wrong with that, or is that permissible, for example, a la Bridges? Well, it's certainly a matter of discretion, and I don't think I could make a case for abusive discretion. However, I do think we were allowed to file the motion, and therefore, when the judge ruled on the merits of the motion, I should be allowed to argue the merits of the motion on appeal, and that's what I'm trying to do. And going back to the merits of the appeal, the general issue is did the district court err in denying Mr. Jackson's motion to suppress, but it raises a very specific question. What is the legal definition of possessory interest? When I sat down to write my brief, I thought to myself, this should be pretty easy. I will look up the definition of possessory interest. I will make note of the factors that the appellate courts direct the trial courts to consider, and then I will make the argument. And what I found out was that there, as far as I could tell, there was no legal definition in criminal law concerning what is possessory interest. So, counsel, in this case, your client was in custody. Yes, he was. The government had the phone. Correct. Correct me if I'm wrong. No, that's accurate. I'm not taking any argument from you that the original seizure was inappropriate or unconstitutional. It was a search incident to arrest. And now you're getting to the possessory interest that we might need to weigh under Bergen. But is there any possessory interest, unless your client takes some step to assert ownership over the phone or try to get it returned? You know, in Bergen, there was some, albeit minimal, evidence of some assertion of a right over the property. Is there any of that here? Well, there was not an evidentiary hearing, so there isn't a record of whether he did or he didn't. At least there's nothing in the record concerning that. But I think, as this court said in Berglund, there are a number of factors that go into considering whether Berglund had a possessory interest. One is whether he made an effort to get it returned to him. Another one is the fact that it's almost a structural type consideration that a delay in seeking a warrant impairs the ability of the court to rule on these issues and correct them if necessary. So to answer your question, the specific answer is no, there's no evidence because there was no hearing. But I think that has to do with the degree of possessory interest, not whether he has a possessory interest. Because to say that because he's in jail, he has utterly categorically no possessory interest in a cell phone that was seized from him, is to say that he has no possessory interest in his television, in his apartment, in his letters that are in his desk, in his office. Anything that he's not allowed to possess while he's in jail, he has no possessory interest. And I think that's an unworkable definition. The question of whether he asked to have access to it, you know, how often he used it when he was free, goes to the degree of possessory interest that he was being denied. I don't think it is a category, you know, that the fact that he's in jail is a categorical prohibition of finding that he had possessory interest. That's my best effort to answer your question, Judge. Did he ever ask to have the cell phone restored to his possession? Well, the truth is I don't know, but I can say there's nothing – The record does not show that he did. Yes, I was about to say the record does not show that he did because there was no hearing. No, the record could show that he did if he filed that information in an affidavit, but I take it that he did not. He did not, no. Thank you. The government argued for the first time on appeal that there are two exceptions to the warrant requirement or the immediate application, and one is good faith. And in Bergland, the Seventh Circuit did say, well, we're not saying categorically you could never have a good faith exception. However, in this case, it doesn't apply. And the government argues, well, in this case, it does apply. And I completely disagree with that assertion by the government. It would make utterly no sense to say the police have maintained possession of this cell phone for 40 days without seeking a warrant. And now that they have sought a warrant, there's no reason to apply the exclusionary rule. I just don't think that makes any sense. And I have a similar position concerning the government's assertion for the first time on appeal that there was inevitable discovery, and it's the same sort of logic. If you had the phone for 40 days and you didn't seek a warrant, well, eventually, you may have gotten around to getting the warrant and discovered the evidence. Or eventually, you would have discovered it. But that, again, to me, doesn't make any sense to not apply the exclusionary rule to those circumstances. So for those reasons, I ask the court to reverse district court's order denying Mr. Jackson's motion. I ask the court to find that since the judge ruled on the merits of the motion, that it's properly before the court on appeal, that the motion was timely, and that the matter be remanded to the district court with instructions to conduct a hearing into whether or not he had a possessory interest and whether that was violated. Mm-hmm. Certainly, Mr. Jensen. Mr. Koenig. Good morning. May it please the court. My name is Jonathan Koenig. I appear on behalf of the United States this morning. And we are asking that you affirm the denial of Mr. Jackson's suppression motion and, therefore, his conviction for two reasons. First, he has failed to show good cause for the untimeliness of his motion to suppress. And second, on the merits of his extended seizure or delay in seeking argument, he has not shown that the government's delay violated his Fourth Amendment rights because his possessory interest in the phone was minimal or nonexistent. Now, I think this procedural issue is actually pretty important and fairly straightforward. Judge Jackson Acumi asked whether it was an abuse of discretion to hold open these issues and resolve them all at once at the end. And I thought I heard my opponent say it was not an abuse of discretion. But that actually leaves very little to his argument. So, I'm going to ask you to affirm the denial of Mr. Jackson's suppression motion and, therefore, his conviction for two reasons.  Although, it's hard to say the district court was, you know, the example of clarity on this whole issue. What I read in the record is the district court saying, okay, we're going to do it this way with the understanding that the government is going to challenge. The motion is untimely. And then he kind of moves on. I don't see a clear statement by the district court that, you know, you've asked me to file this thing. I'm going to let you file it. File it by the end of the week. And then Mr. Jensen does file it by the end of the week. But there's really not, you know, a clear statement. But I still may find, Mr. Jackson, that your motion is untimely. Well, the judge did come fairly close, Your Honor, in the final pretrial conference on May 2nd, page 3 of the transcript. They're talking about this very issue. And the court says, okay, in addressing the prosecutor, I take it you've indicated in the past you'll likely oppose the motion. And on procedural grounds, that it's too late. But we'll get a sense of what the merit is anyhow. So there was no prejudice to the defendant. Everybody understood that tangling this was still a live issue. And, in fact, this procedure could be viewed as giving the defendant an opportunity to make his best argument on good cause and on the merits. The ingredients for seeking this or making this argument were present almost from the very beginning of the case. The date of the arrest, the date of the search warrant. So it wasn't a terribly complicated kind of motion to bring. And if my opponent is arguing that Jackson's first attorney was constitutionally ineffective for failing to pursue that claim, the preferred mechanism or vehicle for raising that kind of claim would be a post-conviction motion under Section 2255, not a direct appeal. So for all of those reasons, we would argue that the judge was well within his discretion in ruling that the untimeliness was not excused by good cause. This is court and district judge discretion land as far as the government is concerned. On the merits, if the court reaches them, Jackson makes only a very weak case for the application of the exclusionary rule. Under Place and Burgard and other cases, this court is meant to balance the government's interests, which here were very strong, and the possessory interest of the defendant. But Jackson, as everyone has acknowledged, was in custody during the entire period of the delay, and he therefore had a minimal or even nonexistent possessory interest. But can I be clear, you are not arguing under our, we had a case in the 90s, I don't remember the exact year, Lee, that so long as the initial seizure was reasonable and lawful, we don't need to look at the question of whether the subsequent delay in seeking a warrant was lawful or unreasonable. That's not your argument, right? No, I don't think so, Your Honor. I'm not remembering that particular case off the top of my head, but Place and some of the other cases from the Supreme Court as well as Burgard itself seem to put that to rest. So the fact that the defendant was in custody distinguishes the case from Burgard and the other cases cited by the defendant, Mitchell and Pratt, from the 11th and 4th Circuits, respectively. And while Burgard does raise some interesting questions about how long is too long, our position is that the court doesn't need to address those issues here, either because it can rule on the appeal on procedural grounds or because the defendant's possessory interest was so weak that it just doesn't matter. So for those reasons, I'm happy to answer any questions that the panel has. I have a question. I mean, the district court never gets in, because he doesn't have a hearing, any questions about why the delay, which would go to some of your arguments, for example, about good faith. Why shouldn't we be troubled by the lack of an evidentiary hearing here, particularly if you want us to reach issues like good faith? I think the reasons for the delay would be more germane if there were a stronger, well, if you were out of custody, for example, those reasons would be very germane, because 41 days would be above even the reported decisions that we've talked about, which were, I think, 24, 31, in that range. But the need for a hearing on that issue was not great in this particular case. The only other proffered reason for a hearing would be to explore this issue of whether he could have asserted some kind of right to the phone while in custody. And there wasn't even really a proffer that he could have done so, much less a substantiated claim that he attempted to do so. And that is another significant factor, which was noted in Burggard itself. Maybe Burggard didn't hinge on that factor, but it was present there and it's not present here. So for all these reasons, we would ask you to affirm. Thank you. Thank you. Anything further, Mr. Jensen? Yes. I deliberately steered clear of making any sort of an allegation that my predecessor was ineffective for not raising this motion. And the reason is the whole purpose of giving the court the discretion to control its calendar and the filing of motions is efficiency. And the government is attempting to persuade this court to decide the issue not on the merits, but on this procedural anomaly where it was anything but clear. And if the district court is affirmed on the procedural basis only, that only guarantees there will be further litigation by Mr. Jackson in a 2255 motion, alleging that the lawyers were ineffective for not raising this sooner. So I would implore the court to decide this issue on the merits. Thank you. Thank you very much. Mr. Jensen, we appreciate your willingness to accept the appointment in this case and your assistance to both court and client. The case is taken under advisement.